### John Larkin and another v. The County of Saginaw and another.

A county is not liable for the acts of the Board of Supervisors in the exercise of its legislative power.

The action of the Board of Supervisors in voting money and providing for the erection of a bridge at the expense of the county is legislative in its character ; and though the bridge is erected under a contract with the Board, and under the personal supervision of a committee of its members, the county is not liable for damages resulting to an individual by reason of defects in the plan.

The same rule controls in this case that would control in the case of a bridge-constructed by authority of the Legislature.

*Heard July 19th.  Decided December 6th.*

Error to Saginaw Circuit.

The action was brought by Larkin and Sumner against the county of Saginaw and one Hughes, for obstructing the navigation of Tittibawassee River, by the improper construction of a bridge across the same.

The evidence showed that, in 1858, the Board of Supervisors of said county made an appropriation of $1,000 for the construction of said bridge; that in 1859, they, by resolution, declared its erection necessary, fixed upon a site, and appointed a committee of their number to cause the bridge to be constructed upon such plan and within such time as to them might seem expedient for the best interests of the county.  They also directed the job of constructing the bridge to be let to the lowest bidder after public notice of the letting, and that a draw should be inserted in the bridge over the channel of the river, not less than forty feet in width, and gave the committee power to draw for the $1,000 so appropriated.  A change in the plan was afterwards authorized, increasing the expense.  In October, 1860, the committee made a report to the Board, showing that they had adopted a plan for the bridge, and had let the job for its construction to Hughes.  The work was done under the personal inspection of the committee, and was.

completed early in September, 1860, with a draw or swing according to the plan. The swing having broken down, a further appropriation was made by the Board for reconstructing and strengthening it, to be expended by the same committee. In January, 1861, the committee reported the whole completed and accepted, and the Board ordered $200 to be levied upon certain townships and wards for the purpose of protecting it from ice.

The plaintiffs, who were owners of a steamboat on said river, then gave evidence to show that the bridge was constructed in an improper and defective manner, and formed a serious obstruction to the navigation, and that they had sustained special injury in consequence.

The plaintiffs requested the Court to charge the jury, that the Board of Supervisors had authority to appoint the committee to construct the bridge, and that the acts of the committee under such appointment were the acts of and binding upon the county, and that if the committee in discharging the duties imposed upon them by their appointment, so constructed the bridge that it necessarily prejudiced the rights of the plaintiffs in the navigation of the river, the county is liable for the damage sustained by the plaintiffs. The Court declined so to charge, and the plaintiffs excepted.

The Court then charged the jury that the Board of Supervisors had power to raise the means for the construction of said bridge, but that when they had determined that it was necessary to build the bridge, and had provided the necessary means for its construction, their power was at an end, and they had no right nor authority to expend the money in building the bridge. That the law confers the power on the highway commissioners of the townships in which the bridge is built to expend the money in the construction of the bridge, and that said Board exceeded their power when they appointed a committee to adopt a plan for, and superintend the work of building said bridge,

11 MICH.—G.

and that Saginaw County was not liable for any damage arising from the improper or defective construction of said bridge caused to be built by said Board.

Exception was taken to this charge, and the jury having returned a verdict against Hughes but in favor of the county, plaintiffs brought error.

*Moore & Gaylord*, for plaintiffs in error:

The action of the Board of Supervisors was clearly within the power conferred by law:—*Const. Art.* 10, §§ 9 and 11; *Art.* 18, § 4; *Comp. L. pp.* 189, 196.

The power to raise money and to provide for the construction of bridges is given for the public benefit, and the grant includes everything necessary to the full and complete attainment of the beneficial object. The mere right to raise the money without power to expend it in the construction of the bridge would not in any degree tend to subserve the interests of the public.

The Board having authority to construct the bridge, the county is liable for any damage sustained by the plaintiffs from its improper or defective construction:— 2 *Hill, on Torts, pp.* 473, 511; *A. & A. on Corp. p.* 421; 4 *Ohio*, 500, 574; 10 *Ohio*, 159; 18 *Ohio*, 229; 2 *Denio*, 433; 15 *Barb.* 574.

*Sutherland & Miller*, for defendant in error:

The power which such Boards have, to provide for repairing and constructing roads and bridges, is wholly legislative. It is not given to counties as corporations, but to Boards of Supervisors as a governmental power. Counties have nothing to do with the work of building or repairing bridges in any case; nor with providing funds, except when the Supervisors, in their legislative discretion, deem it proper to require the county to contribute; and then, the money so contributed is required to be paid over to the highway commissioners. The bridge when built with

the money furnished by the county, or several townships, does not become the property of the county; nor is the county chargeable with the duty of keeping it in repair:—1 *Seld.* 369, 374–5; 3 *Barb.* 254,. 258; 1 *Hill,* 551; 1 *Denio,* 595; 2 *Denio,* 450; 3 *Comst.* 463.

The Board of Supervisors of Saginaw County had no power, as officers or agents of the county, to adopt a plan for the bridge, appoint a committee to superintend, and pay for its construction. It follows that the county is not liable for damages resulting from the defective plan, or construction:—12 *Wend.* 165; 2 *Comst.* 165; *A. & A. on Corp.* 96–7; 2 *Kent,* 350–1; 13 *Pet.* 587; 5 *Denio,* 567; 2 *Denio,* 110; 19 *Pick.* 511; 2 *Barb.* 104; 2 *Johns.* 109; 7 *Ohio,* 232; 4 *Ohio,* 514.

MARTIN CH. J.:

The Board of Supervisors of Saginaw county is clothed with legislative as well as executive power; and while the county may be made liable for its acts in the exercise of the executive, it can not for its exercise of legislative power. The determination that it was necessary to build a bridge across the Tittibawassee river, and the whole action of the Board in relation thereto, were legislative, and whether any portion was usurpation or not, no action can be maintained against the county for any consequences resulting therefrom. What would be a nuisance if erected by an individual, is not such when erected by authority of law and by the public, so as to confer a right of private action against the public therefor; and the same principle I think controls in this case that would had the bridge been built by authority of the Legislature.

The judgment of the Court below is affirmed.

The other Justices concurred.