## COMMODORE C. SYMONDS

*v.*

## THE BOARD OF SUPERVISORS OF CLAY COUNTY.

1. COUNTIES—*not liable for negligence of their agents or servants.* The general rule of law, that the superior or employer must answer civilly for the negligence or want of skill of his agent or servant in the course or line of his employment, by which another is injured, does not apply to counties. They stand on a different footing, in this respect, from individuals and private corporations, and from municipal corporations proper, such as cities or towns, acting under charters or incorporating statutes.

2. Counties are involuntary *quasi* corporations, being political or civil divisions of the State, created by general laws, to aid in the administration of the government. The statute prescribes all their duties, and imposes all the liabilities to which they are subject, and, unless made so by express legislative enactment, they are not liable to persons injured by the wrongful neglect of duty or wrongful acts of their officers or agents, done in the course of the execution of corporate powers or in the performance of corporate duties. And the rule is the same in respect to such other organizations as townships, school districts, and road districts.

3. So, where the authorities of a county employed an agent to carry on its poor-farm, and clear up a portion of it, which was in brush, and the agent, in burning the brush, carelessly or negligently permitted the fire to communicate with an adjoining farm, whereby the owner thereof sustained damage, it was *held*, that the county was not liable.

APPEAL from the Circuit Court of Clay county; the Hon. J. C. ALLEN, Judge, presiding.

Mr. H. H. CHESLEY, and Mr. B. B. SMITH, for the appellant.

Messrs. COPE & BOYLES, for the appellee.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was an action on the case, against The Board of Supervisors of Clay county, in this State, to recover for damage done to appellee's land, by means of fire, which had spread from the poor-farm belonging to Clay county.

The case, in substance, as made by the proof, was, that Clay county was the owner of a poor-farm, which was controlled by the board of supervisors of the county, through a committee of three persons, designated as the committee on poor-farm; that the committee had employed one Rose as their agent, to carry on the farm and clear up a portion of it, which was in brush, and joined the land of appellee, and had instructed Rose to pile and burn off the brush and timber; in so doing, fire spread from certain brush heaps which Rose had set on fire on the place, and was communicated to appellee's land, doing the damage complained of, under circumstances tending to show negligence in Rose in allowing the fire thus to escape.

In accordance with instructions given for the defendant, a verdict was rendered in its favor in the court below, upon which judgment was rendered, and the plaintiff appealed to this court.

The giving of the instructions for defendant is assigned as error. They were as follows:

"1. The court instructs the jury, for defendant, that no action by a private individual against the county can be maintained for injuries resulting from the careless or negligent conduct of any agent of the county; and in this case, though the jury should believe, from the evidence, that the property of plaintiff was burned by fire, originating on the poor-farm, carelessly left by the agent or agents of the defendant, yet such facts do not establish the liability of the defendant.

"2. There is no law authorizing a recovery, by a private individual in a suit against a county, for injuries committed by the servants of the county. While railroads and other private corporations are liable for the negligence of their servants, a county is not so liable."

We have been referred to no authority in support of this action. The authorities, so far as they have come under our observation, bearing upon the subject, seem to be uniformly

adverse to the right to maintain such. an action against a county. The general rule of law, that the superior or employer must answer civilly for the negligence or want of skill of his agent or servant, in the course or line of his employment, by which another is injured, is held not to apply to counties. They are held to stand on a different footing, in this respect, from individuals and private corporations, and from municipal corporations proper, such as cities or towns acting under charters or incorporating statutes. Counties are involuntary *quasi* corporations, being political or civil divisions of the State, created by general laws, to aid in the administration of the government.

In the language of Chief Justice MARSHALL, in *Fowle* v. *Common Council of Alexandria,* 3 Pet. 398, a county may be termed a "legislative corporation, established as a part of the government of the country."

The statutes prescribe all the duties which counties owe, and impose all the liabilities to which they are subject. Unless made so by express legislative enactment, they are not considered liable to persons injured by the wrongful neglect of duty or wrongful acts of their officers or agents, done in the course of the performance of corporate powers or in the execution of corporate duties. The rule is the same with respect to such other organizations as townships, school districts, and road districts.

Among the authorities to be found in support of these principles, reference may be had to the following: *Hedges* v. *The County of Madison,* 1 Gilm. 567 ; *Town of Waltham* v. *Kemper,* 55 Ill. 346 ; *Commissioners of Hamilton County* v. *Mighels,* 7 Ohio St. 109 ; *Eastman* v. *Meredith,* 36 N. H. 284 ; *Bigelow* v. *Randolph,* 14 Gray, 541 ; *Sherbourne* v. *Yuba County,* 21 Cal. 113 ; *Barney* v. *City of Lowell,* 98 Mass. 570 ; *Hafford* v. *City of New Bedford,* 16 Gray, 295 ; *Fisher* v. *Boston,* 104 Mass. 87 ; *City of Richmond* v. *Long's Admr.* 17 Gratt. 375 ; *Pray* v. *Mayor of Jersey City,* 32 N. J. 394 ; *Dargan* v. *Mayor of Mobile,* 31 Ala. 469 ; *Larkin* v. *County of Saginaw,*

11 Mich. 88 ; *Detroit* v. *Blackeby*, 21 id. 84 ; *Murtaugh* v. *City of St. Louis*, 44 Mo. 479 ; *Stewart* v. *City of New Orleans*, 9 La. Ann. R. 461 ; 1 Dillon on Corp. § 10 a ; 2 id. §§ 761, 762, 764, 785.

The case last cited, asserts the doctrine that municipal corporations enjoy the exemption of government from responsibility for its own acts and the acts of its officers in the execution of powers which it possesses, for public purposes, and which it holds as a part of the government of the country ; and that it is only in respect of the exercise of those powers conferred upon the corporation for private purposes that it is answerable for the acts of those who are in law its agents. And in *Larkin* v. *County of Saginaw, supra*, which was an action against the county for obstructing the navigation of a river, by the improper construction of a bridge across the same, it was held that the same principle controlled in the case that would had the bridge been built by authority of the legislature.

We are of opinion that the present case falls within the above principles, and those of the above cited cases denying such action.

This poor-farm was not held and managed by the county for its own immediate profit or advantage as a corporation, but it was held and managed for the use of the poor of the county— a matter of State rather than of local concern. The statute empowered the county to purchase the farm, and to employ such agents and other persons as might be necessary to establish and put the same in operation. This was done by the county in discharge of the duty, imposed upon it by the statute, of supporting the poor of the county. The poor-farm was being managed for a purpose of a public nature, by an agent employed in pursuance of authority expressly given by the statute.

For this agent's carelessness in such management, whereby the appellant has suffered damage, we must hold the people of the county are not responsible. There is no statute crea-

ting such a liability, and we perceive no principle of the common law to rest it upon.

We find no error in the giving of the instructions. The judgment must be affirmed.

*Judgment affirmed.*

Mr. JUSTICE WALKER: I concur in this decision, but express no opinion as to whether the county would have been liable if the county authorities had been guilty of negligence in the appointment of its agents.