MILES E. McCUTCHEON, ADM'R v. THE COMMON COUNCIL OF THE VILLAGE OF HOMER.

*Municipal Corporations—Injury resulting from legislative act—Res judicata.*

A municipal corporation is not liable as for misfeasance for the legislative action of the common council in widening a street so as to bring within its limits an existing nuisance.

A municipal corporation is not liable for an injury sustained by an individual in consequence of neglect to put and keep a public way in repair.

A decision by a majority of a court is conclusive, and a change in the composition of the court will not warrant a re-opening of the controversy unless the court itself orders a reargument.

Error to Calhoun.    Submitted April 27.    Decided April 30.

TRESPASS ON THE CASE.    Plaintiff brings error.

*John C. Patterson* and *Wm. H. Brown* for plaintiff in error.    A municipal corporation is liable in an action for private injury caused by *its* active misfeasance in negligently creating a dangerous nuisance in the public street, Whart. Neg. 265; Shear. & Redf. Neg. § 133; Dillon Mun. Corp. § 789; Potter Corp. § 407; Cooley on Torts 608; *Irvine v. Wood* 51 N. Y. 224; *Davenport v. New York* 37 N. Y. 568; *Conrad v. Ithaca* 16 N. Y. 158; *West v. Brockport* id. 161; *Wallace v. Mayor* 2 Hilt. 440; *Prentiss v. Boston* 112 Mass. 43; *Mayor v. Lasser* 9 Humph. 757; *Emery v. Lowell* 104 Mass. 13; it is liable in a civil action for special injuries resulting from neglect to perform the duty of keeping in safe condition the bridges, streets and sidewalks within its limits if it is its duty to repair or keep them safe, resting upon the corporation as such, and supported by the power to levy taxes or impose local assessments, Cooley Const. Lim. 247-9; Cooley on Torts 625; Shear. & Redf. Neg. §§ 149; *Dewey v. Detroit* 15 Mich. 307; *Barnes v. Dist. of Columbia* 91 U. S. 540; *Mayor v. Sheffield* 4 Wall. 189; *Weightman v. Washington* 1 Bl. 39; *Chicago v. Robbins* 2 Bl. 418; *Nebraska City v. Campbell* id. 590; *Omaha v. Olmstead* 5 Neb. 446: 16 Am. L. Reg. 356; *Palmer v. Lincoln* 5 Neb. 140; *Kiley v. Kansas City* 69 Mo. 102: 21 Alb. L. J. 14; *Bassett v. St. Joseph* 53 Mo. 290; Wood on Nuisances § 744; Addison on Torts 1315; *Hutson v. New York* 5 Seld. 163; *Cusick v. Norwich* 40 Conn. 375; *Boucher v. New Haven* id. 457; *Cook v. Milwaukee* 24 Wis. 270; *Perkins v. Fond du Lac* 34 Wis. 435; *Sterling v. Thomas* 60 Ill. 264; *Chicago v. Major* 18 Ill. 349;

*Bloomington v. Bay* 42 Ill. 503; *Browning v. Springfield* 17 Ill. 143; *Joliet v. Verley* 35 Ill. 58; *Atchison v. King* 9 Kan. 550; *Cleveland v. St. Paul* 18 Minn. 279; *Shartle v. Minneapolis* 17 Minn. 308; *Phelps v. Mankato* 23 Minn. 276; *Covington v. Bryant* 7 Bush 248; *Sawyer v. Corse* 17 Gratt. 241; *Richmond v. Long* id. 375; *Baltimore v. Pendleton* 15 Md. 12; *Baltimore v. Marriot* 9 Md. 174; *Commissioners v. Duckett* 20 Md. 468; *Mayor v. Cooley* 55 Ga. 17; *Parker v. Macon* 39 Ga. 725; *Erie v. Schwingle* 22 Penn. St. 384; *Pittsburgh v. Grier* 22 Penn. St. 54; *Rusch v. Davenport* 6 Clarke 443; *Rowell v. Williams* 29 Ia. 210; *Koester v. Ottumwa* 34 Ia. 41; *Centerville v. Woods* 57 Ind. 192; *Loury v. Delphi* 55 Ind. 250; *McDonough v. Virginia City* 6 Nev. 90; *Mack v. Salem* 6 Oregon 275; *Niblett v. Nashville* 12 Heisk. 684; *Tallahassee v. Fortune* 3 Fla. 19; *Smoot v. Wetumpka* 24 Ala. 112; *Buffalo v. Halloway* 3 Seld. 493; *Lloyd v. New York* 1 Seld. 369, *White Lead Co. v. Rochester* 3 Comst. 463; *Storrs v. Utica* 17 N. Y. 104; *Wendell v. Troy* 39 Barb. 329; *Grant v. Brooklyn* 41 Barb. 381; *Child v. Boston* 4 Allen 41; it is held liable in Michigan for injuries to property caused by private nuisances created and continued by its officers and agents, *Pennoyer v. Saginaw City* 8 Mich. 534; *Ashley v. Port Huron* 35 Mich. 296; and for injury caused by a nuisance arising from opening its sewers, *Detroit v. Corey* 9 Mich. 165.

*Byron Smith* and *James H. Campbell* for defendant in error. The power of a municipal corporation in laying out highways and opening and grading streets involves the exercise of discretion on the part of the authorities, *Dermont v. Mayor* 4 Mich. 442; and no action will lie for an injury resulting from the use of legislative discretion, *Detroit v. Blackeby* 21 Mich. 84; *Larkin v. Saginaw County* 11 Mich. 88; *Detroit v. Beckman* 34 Mich. 125; *Lansing v. Toolan* 37 Mich. 152: 38 Mich. 315.

COOLEY, J. The record in this case presents two questions of law. The first of these is, whether a municipal corporation is liable as for misfeasance in extending the

bounds of one of its streets by widening it; thereby bringing an existing nuisance within the street limits. This question is answered by repeated decisions of this court. The action which widened the street was legislative, and no charge of misfeasance can be predicated thereon. *Larkin v. Saginaw County,* 11 Mich. 88; *Pontiac v. Carter,* 32 Mich. 164; *Detroit v. Beckman,* 34 Mich. 125; *Lansing v. Toolan,* 37 Mich. 152.

The second question is whether such a corporation is liable for the injury sustained by an individual in consequence of the neglect to put and keep one of the public ways in repair. This, it is conceded, was decided in the negative in *Detroit v. Blackeby,* 21 Mich. 84. It is said, however, that the decision in that case was by a divided court, and it is urged that it should be reviewed in the light of more recent decisions.

The case of Blackeby was very fully and carefully considered, and there can be no ground for supposing that either of the judges participating therein has since changed the opinion then deliberately formed and expressed. The case was decided on the concurring opinions of a majority of the court, and the decision is authoritative. There has been a change in the court since that time, but it would be mischievous in a high degree to permit the re-opening of controversies every time a new judge takes his place in the court, thereby encouraging speculation as to the probable effect of such changes upon principles previously declared and enforced in decided cases. Nothing is more important than that the law should be settled; and when a principle has once been authoritatively laid down by the court of last resort, it should be regarded as finally settled. If the court itself desires a reargument, it is to be presumed it will be ordered when the occasion presents itself; but unless that is done, a deliberate decision should not be regarded as open to controversy.

The judgment must be affirmed with costs.

The other Justices concurred.