JOHN REXFORD, Appellant, v. THE STATE OF NEW YORK,
Respondent.

*It seems* that, as the State can only be sued by its own consent and for
liabilities which it chooses to assume, whoever presents a claim against
it must show some statute, giving consent on its part to be answerable
before its own tribunals for such a claim or for those of a class to
which it belongs.

*It seems,* also, that the provision of the act of 1876 (chap. 444, Laws of
1876), constituting the Board of Audit which gave that Board authority
to hear "all private claims and accounts," did not in any manner
change or enlarge the liability of the State.

The claimant was navigating a canal boat on the Erie canal.  He went to
the collector's office at S. to obtain a clearance, the boat meantime
going on.  Going along the berme bank of the canal to rejoin his boat
he came to a bridge, the abutments of which he could only pass by
climbing up one side and descending the other  To enable this to be
done the State had provided irons, fastened one above the other, to the
stones of the abutment.  The stone to which the upper iron was
attached was loose and had been for at least a year, and when claimant
took hold of the iron the stone fell, throwing him to the ground and
severely injuring him.  Upon a claim presented against the State under
the act of 1870 (chap. 321  Laws of 1870), by which the State assumed
liability for damages sustained by individuals "from the canals of the
State or from their use and management, or resulting or arising from

the negligence or conduct of any officer having charge thereof," excepting "claims arising from damages resulting from the navigation of the canals." *Held,* that the act was broad enough to include the injury complained of; and that it did not result from "navigation of the canals" within the meaning of the exception.

(Submitted March 7, 1887; decided April 19. 1887.)

Appeal from a decision of the Board of Claims made June 25, 1884, which awarded the claimant above-named nothing upon a claim presented for damages for personal injuries sustained in the manner stated in the opinion.

*A. L. Johnson* for appellant. The Board of Claims had jurisdiction to audit and allow the claim in question. (Laws of 1870, chap. 321, § 1; *Rosenfelaenter* v. *Roselle,* 54 N. Y. 262; *Rameley* v. *Leland,* 43 id. 539; *People* v. *McGloin,* 91 id. 250.) From the fact that the stone that fell upon the claimant had been loose at least a year before the accident, knowledge of its condition on the part of the State might be presumed. (*Conroy* v. *Gale,* 5 Lans. 345, 347; *French* v. *Donaldson,* id. 293; Aff'd, 57 id. 496; *Goodfellow* v. *Mayor, etc.,* 100 id. 15.) No notice of the defect was necessary, nor was it necessary to prove either that the bridge was improperly constructed or negligently maintained, further than is proven by the happening of the accident. (*Kearney* v. *London & R. R. Co.,* L. R., 5 Q. B. 411; Ex. L. R., 6 id. 759; *Lyons* v. *Rosenthal,* 11 Hun, 48; *Mullen* v. *St. John,* 57 N. Y. 567; *Edgerton* v. *N. Y. & Harlem R. R. Co.,* 39 id. 227; *Hume* v. *Mayor, etc.,* 74 id. 264; *Smith* v. *B. & N. A. R. M. S. P. Co.,* 86 N. Y. 408; *Wooster* v. *42nd St. & Grand St. F. R. R. Co.,* 50 id. 203; *McCarthy* v. *City of Syracuse,* 46 id. 194.) If the evidence is such as would make out a case which would create a legal liability against an individual, as provided by section 1, chapter 321, Laws of 1870, the claimant should be awarded such a sum as shall be just. (*Sipple* v. *State,* 99 N. Y. 284.) The State having assumed control of the Warren street bridge, and the maintenence thereof for fifty-six years, and having rebuilt the same in 1869, is liable to a person

injured, for any neglect to keep the same in proper repair. (*Nims* v. *Mayor, etc.*, 59 N. Y. 500.)

*Denis O'Brien*, attorney general, for respondent. The State is not liable unless it has voluntarily assumed a liability (*Lewis* v. *State*, 96 N. Y. 71 ) The law of 1876 (chap. 444) did not refer to or repeal the act of 1870. (*Mark* v. *State*, 97 N. Y. 572 ) The fact that the Board of Claims gave a wrong reason for its decision, assuming that it did so. is immaterial. (*Allard* v. *Greasert*, 61 N. Y. 4; *Cole* v. *State*, 102 id. 57.)

FINCH, J. The plaintiff's demand against the State was dismissed by the Board of Claims as beyond its jurisdiction, and the correctness of that decision depends upon the meaning and construction of section 1 of the act of 1870. The State can only be sued by its own consent and for liabilities which it chooses to assume (*People* v. *Dennison*, 84 N. Y., 272, 281), and this has been expressly held where the cause of action alleged rested upon some misfeasance or nonfeasance. (*Lewis* v. *The State*, 96 N. Y.. 71). We are referred to no statute which permits a claim to be filed for such an injury as the claimant has suffered except the act of 1870. (Chap. 321.) The later act of 1876 (chap. 444), which constituted the Board of Audit, and gave it authority to hear "all private claims and accounts," did not in any manner change or enlarge the liability of the State, and whoever presents a claim against it must show some statute which involves the consent of the State to be answerable before its own tribunals for such claim or those of a class to which it belongs. The general language of the act of 1870 is broad enough to cover the present case. It permits claims to be filed for damages sustained from the canals; from their use and management; or arising from the neglect of an officer in charge ; or from any accident or other matter connected therewith. It ends, however, with a proviso that the provisions of the act shall not extend "to claims arising from damages resulting from the navigation of the canals," and the case before us has been adjudged to be one of that

character    The claimant reached Syracuse upon a canal boat, which he was navigating at which place he stopped to discharge some portion of his freight.    Having done so he went to the collector's office to obtain a clearance, his boat meantime going on in charge of others than himself.    When the clearance was obtained he started along upon the berme bank of the canal to rejoin his boat.    His route brought him to the abutment of the Warren street bridge which stood close to the water and could only be passed by one following the bank of the canal by climbing up one side and descending the other. To enable this to be done the State had provided irons fastened to the stones of the abutment and serving as rungs of a ladder. The claimant began his ascent, passing upward from one iron to another, and reaching the upper iron took hold of it with his hands, but the stone to which it was attached had been insecurely fastened and become loose, and fell out of the wall under his grasp, throwing him to the ground and injuring him quite severely.    For the damages thus sustained he filed a claim against the State for its negligence or that of its officers in charge. The bridge was a structure built and maintained by the State to carry a highway over the canal.    The proof is sufficient to warrant an inference that the street existed for public passage when the canal was built, and that the duty of maintaining the bridge had been assumed by and rested upon the State.    While the berme bank of the canal was in no sense a public highway yet at the point in question it served for the passage of those whose business properly brought them to that locality.    The presence of the irons was itself an invitation to persons rightfully passing to use them and indicated a purpose on the part of the State to permit the crossing of the bridge by such means and in such manner.    The claimant was not a trespasser.    He was rightfully upon the berme bank of the canal and in virtue of his business and occupation at liberty to pass along it and cross the abutments in his path.    The defective stone had been loose for, at least, a year, and long enough for an inference that the defect had come to the knowledge of the State or its

officers in charge of the canals. The act of 1870, therefore, covered the injury sustained, unless the Board of Claims were right in deciding that it "resulted from the navigation of the canals." The liability assumed by the State was general ; the exception special. The State could exclude what it pleased from the scope of its broad consent, and could choose its own language for its own protection. Its exception, therefore, should take out from the broad general consent only what is strictly within its terms. The damages excluded must result from the navigation of the canals, that is, from the passage of boats along and upon their waters. Damages might result from the careless management of locks or their imperfect maintenance or construction ; to the teams drawing the boats or those in charge of them ; from collisions due to over-crowding or insufficient room ; from sudden breaks chargeable upon unskillful or careless construction. Numer-ous cases of this general character were naturally to be appre-hended and were intended to be excluded, and the language used in the proviso was appropriate and effective for that purpose. But it can have no just application to accidents or injuries befalling one not at the time engaged in naviga-tion of the canals and which did not result from that navigation. The claimant for the time had abandoned his boat. Somebody else was navigating it. The former intended to resume its navigation and was walking along the bank with that view, but until he reached and rejoined his boat he would not be actually engaged in its navigation. It is quite true that in a certain broad and general sense he might be said to have been engaged in the business or occu-pation of navigating the canals when the injury occurred, but he was none the less away from his boat, traveling upon the land for no purpose essential to the movement of his boat upon the water, and his injury did not result from and was not occasioned by the navigation of that boat. The language used contemplates a case in which the act of navigating is one of the concurring causes of the injury so that the latter can be deemed a result. For these reasons we are of opinion

that the Board of Claims construed the proviso too broadly, and that its terms do not exclude the claimant's injury.

The award should be reversed and the case remitted for a new hearing.

All concur except PECKHAM, J., dissenting.

Award reversed.