MARGARET BOWEN, as Administratrix, etc., Respondent, *v.* THE STATE OF NEW YORK, Appellant.

Under the statute authorizing the appraisal of claims against the state, founded upon the negligence of its officers in the use and management of the canals (Chap. 321, Laws of 1870), the personal representatives of a deceased person, whose death is alleged to have been caused by such negligence, are entitled to the allowance of a claim, where, in case the. negligent act causing the death had been chargeable to a natural person or corporation, an action could have been maintained against him or it. by said representatives under the Code of Civil Procedure (§ 1902).

On appeal from a decision of the board of claims only questions of law are open for consideration, except so far as the question as to sufficiency or excess of damages is concerned.

(Submitted December 15, 1887; decided January 17, 1888.)

APPEAL from an award of the board of claims made March 9, 1887.

The claim was for damages for the death of Michael Bowen, plaintiff's intestate, alleged to have been caused by the negligence on the part of the state officers having charge of the Erie canal in leaving the railing of a bridge in a dangerous and insecure condition.

The material facts are stated in the opinion.

*Denis O'Brien,* attorney general, for appellant. The claim filed did not survive the death of claimant's intestate as against the state. (*Green* v. *H. R. R. R. Co.,* 2 Keyes, 294; *De Bevoise* v. *N. Y., L. E. & W. R. R. Co.,* 98 N. Y. 377.) It is only by virtue of the statute in such case provided that a cause of action survives "to the personal representative" in any case. (Code of Civ. Pro., § 1902.) This section never was the foundation, for an action against the state. The state is liable only when it has expressly assumed a liability. (*Lewis* v. *State,* 96 N. Y. 71; *Hegerich* v. *Keddie,* 99 id. 258.) But the section of the Code cited does not mention and, therefore, cannot include, the people of this state. (Sedgwick on Construct. of Stat. and Const. Power, 337; *Joslyn* v. *Sloan,* 28.

Miss. 753; *King* v. *Allen*, 15 East, 333; *U. S.* v. *Green*, 4 Mason, 427; *U. S.* v. *Thompson*, 19 Alb. Law. Jour. 174; *People* v. *Gilbert*, 18 Johns. 227; *People* v. *Rossiter*, 4 Cow. 148; *City of Rochester* v. *Town of Rush*, 80 N. Y. 272; *Savings Bank* v. *U. S.*, 19 Wall. 239.)

*Tracy C. Becker* for respondent. On the hearing before the Court of Appeals in such an appeal as this, only such questions shall be considered by the court as are raised by the notice of appeal, and on all questions not raised by the notice of appeal it shall be presumed that sufficient evidence was given on the hearing to sustain the award. (Chap. 205, Laws of 1883, §§ 10, 11; Chap. 60, Laws of 1884.) A claim against the state of New York survived to the respondent, as administratrix for the death of said Michael Bowen. (*Quinn* v. *Moore*, 15 N. Y. 432; *Oldfield* v. *N. Y. & H. R. R. Co.*, 14 id. 310, 316; *Sipple* v. *The State*, 99 id. 284; *Rexford* v. *The State*, 105 id. 229.)

FINCH, J. The board of claims awarded the plaintiff $1,500 as damages for the death of her husband resulting from the negligence of the state. The attorney general has appealed from that decision. Under the acts regulating such appeals, as amended, only questions of law are open to our consideration, except that we may pass upon the insufficiency or excess of the damages awarded. No complaint is made in the present case that they exceeded a just amount, and so we are concerned only with such questions of law as are raised in the case. (Laws of 1884, chap. 60, § 6; Laws of 1887, chap. 507, § 1.)

The appellant argues, first, that the state was not negligent and the decedent was, or at least was not shown to have been free from negligence contributing to the injury. That is of course a question of fact, and can only become a question of law when no evidence given fairly tends to establish the controverted fact. That cannot be said in the present case. There was proof tending to show that the decedent in crossing a bridge over the canal fell through a broken or

defective railing into the water and was drowned; that the defect was obvious and had existed for a considerable time and was known to the officers in charge who often tied up the broken rail, sometimes with twine and sometimes with wire. An inference that the decedent was free from negligence on his own part was also possible from the facts proved, and while on both branches of the plaintiff's case there was ground for debate, and even perhaps for difference of opinion, we cannot hold as matter of law that she failed to establish a cause of action.

The learned attorney general, however, raises another question. He insists that the plaintiff had no cause of action against the state, because the special statute giving to the administratrix such right omits to include actions against the state. (Code of Civ. Pro., § 1902.) That section provides that " the executor or administrator of a decedent who has left him or her surviving a husband, wife or next of kin may maintain an action to recover damages for a wrongful act, neglect or default, by which the decedent's death was caused against a natural person, who or a corporation, which would have been liable to an action in favor of the decedent if death had not ensued." The appellant argued that the right of action here given is only against an individual or corporation, and since the state can only be sued by its consent (*Rexford* v. *The State*, 105 N. Y. 229), there is no authority for maintaining the action. But the statute which opened the door to claims against the state founded upon its negligence opened it wide enough to admit the plaintiff's cause of action. The statute of 1870 (chap. 321) not only gave the canal appraisers jurisdiction to hear and determine " all claims against the state of *any* and *all* persons and corporations for damages alleged to have been sustained by them from the canals of the state, or from their use and management, or arising from the negligence or conduct of any officer of the state having charge thereof or resulting or arising from any accident or other matter or thing connected with the canals," language broad enough in and of itself to cover the damages

sustained by the plaintiff and those whom she represents, but it further contained the significant proviso, "but no awards shall be made unless the facts proved shall make out a case which would create a legal liability against the state, were the same established in evidence in a court of justice against an individual or corporation." While the language is somewhat awkward the meaning is clear, and is, that in the cases provided, the same facts which would establish a cause of action against an individual or corporation shall be effectual to establish one against the state. And we therefore said in *Sipple* v. *The State* (99 N. Y. 284), that the state intended to assume "the same measure of liability incurred by individuals and corporations engaged in similar enterprises." We have seen no reason to become discontented with that conclusion and it is decisive of the point under consideration.

The award should be affirmed, with costs.

All concur.

Award affirmed.