## KRAUSE v. TOWN OF JUNEAU.

(First Division. Juneau. December 26, 1905.)

MUNICIPAL CORPORATIONS—DAMAGES—PERSONAL INJURIES.

Plaintiff was injured by a defective sidewalk in the incorporated town of Juneau, and brought suit to recover damages for the failure of the town to keep the sidewalks in repair. *Held*, that the town had authority to keep the walks in repair, that it was its duty to do so, and that it was responsible in damages for injuries received by persons through its neglect and want of care.

[Ed. Note.—For cases in point, see vol. 36, Cent. Dig. Municipal Corporations, § 1591.]

Demurrer to Amended Complaint.

Z. R. Cheney, for plaintiff.

R. W. Jennings, for defendant.

GUNNISON, District Judge. Plaintiff brings this action to recover damages from the town of Juneau, Alaska, for injuries resulting from a fall upon the wooden sidewalk on Gold street in the defendant town. Plaintiff alleges that the injuries were "caused by the negligent act of the defendant in allowing the planks in said sidewalk to become and remain loose and out of repair, detached, unsafe, and dangerous" to persons walking thereon, and that this fact was known to the defendant. The allegations of the complaint squarely charge negligence on the part of the defendant. To this complaint defendant demurs, on the ground that plaintiff does not state facts sufficient to constitute a cause of action, and on the argu-

ment of the demurrer contends that, while it is a duly incorporated town, under chapter 21, tit. 3, § 200, Carter's Civil Code, its charter does not charge it with the duty of maintaining the sidewalks within its corporate limits, but gives the town council the power "by ordinance to provide for necessary improvements, sidewalks, and sewerage." Defendant asserts that the granting of this power leaves the determination of what is a necessary sidewalk to the town council, but in no way imposes upon it a duty to maintain sidewalks, and that, since no such duty is laid upon it, therefore there is no liability for a failure to maintain the sidewalk.

This question of defendant's liability is squarely raised, necessitating a construction of the statute. Counsel have exhibited great industry in searching the books, and have cited many cases on the subject in support of their respective contentions, but unfortunately there seems to be no precedent so far as Alaskan municipalities are concerned. We must therefore turn to the tribunal of other jurisdictions for light upon the question.

The cases cited by the defendant in support of his demurrer are the leading cases in the few states where a municipal corporation is held not to be liable for negligence where there is no express statutory enactment declaring such liability to exist. The leading case in this theory is City of Detroit v. Blackeby, 21 Mich. 84, 4 Am. Rep. 450; but even this is not the unanimous determination of the courts, though the reasoning of the prevailing opinion is extremely logical; and while the courts in the state of Michigan still follow this case, they do so under protest, holding municipalities not to be liable on the ground of stare decisis, at the same time protesting against the soundness of the determination in that case. McCutcheon's Adm'r v. Village of Homer, 43 Mich. 483, 5 N. W. 668, 38 Am. Rep. 212. The other decisions holding this view follow that case on the same line of reasoning. The Supreme Court of the United

States has, however, adopted the contrary doctrine in the case of Barnes v. District of Columbia, 91 U. S. 540, 23 L. Ed. 440, in which it holds that a municipal corporation, as contradistinguished from a quasi corporation, such as counties, towns, school districts, and especially the townships of New England, are responsible for their mere negligence. The court says:

"The authorities establishing a contrary doctrine—that a city is responsible for its mere negligence—are so numerous and well considered that the law must be admitted settled in accordance with them."

The leading cases establishing this doctrine are there cited. This case was later cited and approved by the Supreme Court of the United States in the Matter of the District of Columbia v. Woodbury, 136 U. S. 450, 10 Sup. Ct. 990, 34 L. Ed. 472. The Supreme Court of Washington in the Matter of Sutton v. The City of Snohomish (Wash.) 39 Pac. 273, 48 Am. St. Rep. 847, later adopted the same theory, citing the above cases. Mr. Dillon, in his work on Municipal Corporations, vol. 2 (4th Ed.) § 988, says:

"The general doctrine of American courts, as we shall presently see, in respect to municipal corporations proper, has been to hold them civilly liable for injury from defective streets."

And again, at section 1017, he said:

"It may be fairly deduced from the many cases upon this subject * * * that, in the absence of a statute expressly imposing the duty and declaring the liability, municipal corporations proper, having the power ordinarily conferred upon them respecting bridges, streets, and sidewalks within their limits, owe to the public the duty of keeping them in a reasonably safe condition for use in the usual mode by travelers, and are liable in a civil action for special injury resulting from neglect to perform this duty."

While the duty of repairing sidewalks in the streets of the town is not expressly imposed upon the defendant in the statute, the common council is granted the power to do such work in subdivision 4, § 4, c. 1778, 33 Stat. 531, which is as follows:

"The said common council shall have and exercise the following powers: Subd. 4, To provide for the location, construction and maintenance of the necessary * * * sidewalks."

Subdivision 5 thereof provides how the council may exercise their powers, and at the same time the power is given it is provided that the common council shall exercise it as well as have it. Hence, under this amendment and the municipal laws of the district, the common council are virtually charged with the duty of the maintenance of the sidewalks, and where such duty is implied liability exists.

Section 334 of chapter 35 of the Alaska Code of Civil Procedure provides that:

"An action may be maintained against any of the public corporations in the district mentioned in the last preceding section [this includes towns incorporated under the municipal law of the district] in its corporate character and within the scope of its authority, or for an injury to the rights of plaintiff arising from some act or omission of such public corporation."

The complaint in this action charges injury to the rights of the plaintiff arising from an omission on the part of the public corporation, or the section quoted above, which is identical with that in the Code of Oregon, has been construed by the Oregon courts to include an action for damages occasioned to persons in consequence of the neglect of the corporation's officers to keep its streets and highways in repair. Sheridan v. City of Salem, 14 Or. 328, 12 Pac. 925. It is clear, therefore, that the municipal laws of the District of Alaska give the municipality, or rather its officers, the power to maintain sidewalks, and the consequent duty to exercise this power, and the Code of Alaska authorizes an action against a corporation for damages in an action of this character.

The demurrer should be overruled. Let an order to that effect issue.