## BERTHEL C. B. JORGENSEN
### *v.*
## STATE OF ILLINOIS.

### *Opinion filed May 3, 1911.*

1. RESPONDEAT SUPERIOR—*doctrine of not applicable to State.* The doctrine of *respondeat superior* does not apply to the State.

2. SAME—*State does not act as guarantor of its servants.* The State does not undertake to guarantee to any person the fidelity of its officers, servants, employees, appointees or agents, and the State is not liable for injuries resulting from acts or neglects of such officers, servants, employees, appointees or agents.

3. JURISDICTION—*when Court may allow claim.* No power is vested in this Court to allow a claim unless the facts show a legal liability.

Charles W. Hadley, for Claimant.
W. H. Stead, Attorney General, for State.

In this case the claimant, Berthel C. B. Jorgensen, has filed his petition setting forth that on the tenth day of June, A. D. 1906, and for a period of one year prior thereto, he was employed as a milker upon the dairy farm owned, controlled and conducted by the State at the University of Illinois; that the said claimant was on the said tenth day of June, A. D. 1906, of the age of twenty years and that as such employee he performed services as such milker under the direction, supervision and control of a certain other employee of the State in charge of said dairy farm; that at the time aforesaid and for a period of six months prior thereto, the State owned and possessed a certain calf on the farm aforesaid, and that the said calf was then and there, afflicted with a dangerous and infectious disease; that the said employee so in charge of said dairy farm, then and there directed and instructed the claimant to administer medicine to said calf; that the said claimant, following the instructions and directions of the said employee, then and there administered said medicine to said calf by opening its mouth and pouring

the medicine down the throat of the said animal; that while opening the mouth of said calf, as so directed, the hands of the claimant came in contact with the saliva of said calf, so infected with disease as aforesaid, and that through a break or abrasion of the skin on the hands of the said claimant, the said infected saliva inoculated the claimant with the disease with which the said calf was infected, and the claimant thereby became sick, sore, lame and disordered and so remained for a long space of time; that as a result of said infection, the claimant has lost the use and control of his right arm and is disabled in the use of said arm for the remainder of his natural life.

Claimant further alleges, that at the time he was inoculated with the said disease he was in the exercise of due care and caution for his own safety, and was not informed of the character and nature of the said disease with which the said animal was afflicted, or of the dangers of the employment in which he was engaged.

Claimant also files with his petition a duly authenti- cated transcript of the evidence taken in this cause, said evidence having been taken and transcribed under an agreement with the Attorney General of the State, and in the manner provided for in the statutes of Illinois. Said evidence, as far as the same applied to the facts connected with the injury received, substantially sustains the allegations of the petition.

To the said petition of the claimant, however, the Attorney General, on behalf of the State, files a general demurrer and as a ground for such demurrer urges, that the said facts are not sufficient in law for the claimant to maintain his action against the State of Illinois, in that, the State does not undertake to guarantee to any persons the fidelity of its officers, servants, employees, appointees or agents, and that the State is not liable for dangers resulting from the acts or neglects of such officers, servants, employees, appointees or agents.

In the adjudication of claims filed against the State of Illinois, this Court, from the nature and purposes of its creation, is limited to a consideration of the question, whether, from the facts alleged and proven, any legal liability attaches to the State and no authority or power is vested in this Court to allow any claim presented for consideration unless, the facts alleged and proven show the existence of such a legal liability.

In *Schmidt* v. *State,* 1 Court of Claims Reports, page 76, this Court held, that the law creating it did not undertake to create new liabilities against the State, but simply provided a remedy by which claims might be heard and that this Court, "has no power to make an award in any case unless the facts show a legal or equitable claim against the State." In passing upon a similar Act, the Supreme Court of Massachusetts, (*Murdock Grate Co.* v. *Commonwealth,* 24 N. E., 855) held, that the said Act "disclosed no intention to create against the State a new and heretofore unrecognized class of liabilities, but only an intention to provide a judicial tribunal where well recognized existing liabilities can be adjudicated" and this principle of law has been strictly followed and adhered to by this Court in the adjudication of claims from the creation of the Court to the present.

The demurrer interposed in this cause, raises this question of the legal liability of the State, as deducible from the allegations of the petition, which allegations, for the purposes of such demurrer, must be taken as true. The principle of law urged by the Attorney General in support of the demurrer has been well established by the Supreme Court of the United States, the United States Court of Claims, and the Supreme Courts of various state jurisdictions, including our own. In *Gibbons* v. *United States,* 8 Wall., 269, the Court held that "no government has ever held itself liable to individuals for the misfeasance, laches or unauthorized exercise of power by its officers and agents, however gross." See also *United States* v. *Kirkpat-*

*rick,* 9 Wheat., 720; *Dox* v. *Postmaster-General,* 1 Peters, 318; *Lewis* v. *State,* 96 N. Y., 71; *Murdock Grate Co.* v. *Commonwealth,* 24 N. E., 855; *Bowen* v. *State,* 108 N. Y., 166; *Splittorf* v. *State,* 108 N. Y., 205; *Hollenbeck* v. *Winnebago County,* 95 Ill., 162; *Hedges* v. *County of Madison,* 1 Gil., 567; *Town of Waltham* v. *Kemper,* 55 Ill., 346; *Symonds* v. *Clay County,* 71 Ill., 355; *Hill* v. *Boston,* 122 Mass., 344; *Curran* v. *Boston,* 151 Mass., 505; Cooley's Constitutional Limitations, 240, 247; Story on Agency, 319; Dillon on Municipal Corporations, 761.

This proposition of law, so well established, has been consistently followed by this Court in the adjudication of all claims, that have ever come before it, and applies with equal force to the cause now on hearing. In passing upon the demurrer herein interposed, the Court recognizes the meritorious nature of the claim presented, the unfortunate character of the occurrence and the resulting consequences to the claimant, but being limited, as before stated, to a consideration of the issues involved from the standpoint of the legal liability of the State in such cases, this Court is forced to sustain the demurrer. The demurrer is therefore sustained and the petition dismissed.