LEWIS H. McGARRAH, 1343; LOUIS N. SHOFF, 1344; ALBERT GOETZ, WILLIAM SALZENSTEIN, AND BEN JOHNSON, 1345-1346; JOSEPH C. CLANCY, 1347; BEN JOHNSON, 1348; MARTIN L. MAREK, 1349; GEORGE VICARY, 1350, Claimants, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed September 10, 1930.*

*Rehearing denied December 17, 1930.*

SHURTLEFF & NIEHAUS, for claimants.

OSCAR E. CARLSTROM, Attorney General; ROY D. JOHNSON, Assistant Attorney General, for respondent.

Mr. JUSTICE THOMAS delivered the opinion of the court:

As all of these claims are based upon the same general facts they have been consolidated for hearing and decision.

The declarations are all alike. Each charges that prior to June, 1924, the State built a bridge across Kickapoo Creek on the Farmington Road, and, on either side of the bridge

and adjacent thereto, also built a dam or levee varying in height from 10 to 20 feet and of the total length of 700 feet; that the construction of the levee prevented the water from flowing over that 700 feet of land in times of heavy rainfall and so backed the water up in the creek as to cause it to overflow the banks of the creek and inundate the lands of claimant and destroy his crops; that on June 27, 1924, September 21, 1926, and May 18, 1927, unusual rainfalls fell in the neighborhood of the creek and the land of claimant was overflowed on each occasion and his growing crops destroyed. Claimants are asking for awards for the following sums: Vicary for $14,784.00; McGarrah for $584.00; Shoff for $873.60; Goetz for $23,324.00; Clancy for $1,459.00; Salzenstein for $11,662.00; Johnson for $10,722.00; Marek for $4,998.00, a total of $68,406.60.

The bridge and the so-called levee or dam mentioned in the declarations are part of State Bond Issue Route No. 8, and the levee is the fill constructed across the low lands adjacent to Kickapoo Creek. This fill instead of being from 10 to 20 feet, as charged in the declarations, is shown by the evidence to be not to exceed 8 feet at its highest point. The lands of claimants were all subject to overflow by Kickapoo Creek in times of heavy rainfall before this fill on Route No. 8 was built. But claimants contend that its construction retarded the flow of the water over the lands lying on the lower side of the fill and caused it to stay on their lands longer than it otherwise would have done, thereby causing them to lose their crops in the years, 1924, 1926 and 1927.

State Route No. 8, is one of the public highways improved by the State in the construction of the State wide system of durable hard surfaced roads. In constructing these roads the State exercised its governmental functions—acted in its capacity of sovereign. When the State acts in its sovereign capacity it does not submit its actions to the judgments of courts, and is not liable for the torts or negligence of its agents. (*Kinnare* v. *City of Chicago*, 171 Ill. 332.) It follows that if the wrongs complained of were committed by the agents of the State, the State is not liable for the damages thereby caused. This is not a new doctrine but has been the long established law in Illinois. It has uniformly been held in this State that sub-divisions of the State for governmental purposes, such as towns and counties, are not liable for

damages caused by agents of such sub-divisions in the performance of their duties,—that such damages can be recovered from the individuals only whose acts cause the injury. The exemption of the municipality from liability is based on the grounds that it is a sub-division of the State for governmental purposes—a mere agency of the State. Among the many cases announcing this rule are the following: *Town of Waltham* v. *Kemper,* 55 Ill. 346; *Elmore* v. *Drainage Comrs.* 135 Ill. 269; *Symonds* v. *Clay County,* 71 Ill. 355; *Town of Odell* v. *Schroeder,* 58 Ill. 353; *Wilcox* v. *City of Chicago,* 107 Ill. 334; *Nagle* v. *Wakey,* 161 Ill. 387.

It follows that unless there is a statute making the State, or a sub-division thereof for governmental purposes, liable for damages caused by the agents of the State or such sub-divisions no recovery can be had against the State or such sub-divisions for damages caused by such agents, but the remedy is against the agents themselves. If the public road in question had been constructed just as it was by the town in which it is located the town would not be liable for the damages claimants allege its construction has caused them, in the absence of a statute making it so liable. Claimants have not cited any statute making the State liable for these alleged damages, and there is none.

Claimants have cited cases from other jurisdictions but they are not authority in this State where the contrary rule is established. Claimants have also cited many cases holding cities and villages and corporations liable for damages caused by the acts of their agents, but such cases have no application to actions against the State, or a sub-division of the State for governmental purposes.

If the Legislature in providing for the construction of the State wide system of durable hard surfaced roads had intended the State should pay such damages caused by the construction thereof as claimants are asking, it would undoubtedly have enacted a law to that effect. Certainly it did not intend to clothe this court with that power. This court can only allow claims against the State where there is a legal liability of the State to pay, and the State not being legally liable for the alleged damages of claimants, no awards can be made for them.

The claims are all denied and the cases dismissed.

On December 17, 1930, upon petition for rehearing the following additional opinion was filed:

Claimant in these cases have filed a petition for rehearing. The petition is but a reargument of the facts and principles of law urged by them in their original briefs in support of their claims, all of which were considered by the court in arriving at its conclusions. We find no reason for changing the views expressed in the opinion filed and the petition is denied.

On January 13, 1931, upon motion to vacate orders previously entered, the following additional opinion was filed:

This cause coming on to be heard upon motion of claimants to set aside and vacate its order entered December 17, 1930 denying petition for rehearing and the further motion to reconsider the petition for rehearing and the Court being fully advised in the premises and it appearing that there is no reason why said motion should be granted, it is therefore considered that said motion be and the same is hereby denied.