(No. 2441—

LINDER, INC., AN ILLINOIS CORPORATION, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed May 11, 1937.*

MONROE & ALLEN, for claimant.

OTTO KERNER, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

MR. JUSTICE LINSCOTT delivered the opinion of the court:

The claimant in this case seeks to recover the sum of $344.50, and alleges that sometime on the day of February 14, 1934, a number of workmen working for the State Highway Department on State Bond Issue Route Number 2, two miles south of Decatur, Illinois, on C. W. A. Project No. 4033,

started a fire on the premises of claimant, in order to keep warm, the fire having been started behind and to the west of the boards for advertising. The fire burned the back braces on some of the signs, and the heat from the fire blistered the face panels of all of the sign boards to such extent that it was necessary to clean the boards of the paint, re-coat the panels, and in fact, re-finish the entire displays. Claimant further alleges that because of the inclement weather, the re-painting and re-conditioning of the signs was considerably delayed, so that claimant lost two months rental upon four of the boards.

Mr. Apple, district engineer of the Highway Department contends that the origin of this fire is unknown to him and that the place the fire was originally started is not known; that no employee in the Department could be found who knew anything about the origin of the fire. We are not, however, basing our opinion upon this statement of Mr. Apple's. Even were this highway work there would be no liability.

This court has repeatedly held that in the construction and maintenance of its roads the State acts in a governmental capacity and in the exercise of such governmental functions it does not become liable in actions of tort by reason of the malfeasance, misfeasance or negligence of its officers or agents in the absence of a statute creating such liability. See *Minear* vs. *State Board of Agriculture*, 259 Ill. 549. Such also is the holding of the Supreme Court in *Symonds* vs. *Clay County*, 71 Ill. 355, wherein it was held that where a poor farm was owned by a county and the servant of the county was burning brush thereon and through his negligence a fire spread to an adjoining farm and caused damages thereto, the county was not liable.

We must, therefore, hold that in this case the State is not liable and recovery is denied.