(No. 2753—

ILLINOIS CENTRAL RAILROAD COMPANY, AN ILLINOIS CORPORATION, Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed November 16, 1938.*

ALSCHULER, PUTNAM & JOHNSON, for claimant.

OTTO KERNER, Attorney General; GLENN A. TREVOR, Assistant Attorney General, for respondent.

Mr. Chief Justice Hollerich delivered the opinion of the court:

It appears from the complaint herein that on May 16, 1934 the claimant delivered its certain railroad freight car known as Illinois Central car No. 229272, loaded with baled straw, to the Aurora, Elgin and Fox River Electric Company, a common carrier, at Coleman, Illinois, and said Electric Company on said date delivered the same to the respondent, within the grounds of the Elgin State Hospital at Elgin, Illinois; that said car was then in good condition and was delivered to the respondent solely to permit the respondent to unload therefrom the baled straw which was consigned to the respondent; that it was the duty of the respondent to use due care and caution to protect such car and to return the same to the claimant in the same condition in which it was received; that by reason of the carelessness and negligence of the servants and agents of the respondent, such car was damaged by fire on the night of May 16th, 1934, and rendered useless as a freight car, whereby claimant was damaged to the extent of $960.73, for which amount it asks an award.

The Attorney General has moved to dismiss the case on the grounds that the State, in the exercise of its governmental functions is not liable under the doctrine of respondeat superior.

It is a well settled rule of law that in the maintenance of its public institutions, such as State Hospitals, the State exercises a governmental function. It is also well settled in this State that in the exercise of such functions, the State is not liable for the negligence of its servants and agents, in the absence of a statute making it so liable. *Symonds* vs. *Clay County,* 71 Ill. 355; *Minear* vs. *State Board of Agriculture,* 259 Ill. 549; *Stein* vs. *West Chicago Park Commissioners,* 247 Ill. App. 102; *Gebhardt* vs. *Village of LaGrange Park,* 354 Ill. 234.

The rule as above set forth has been applied by this court in numerous cases involving the same principle as is

involved in this case. *Loges* vs. *State,* 8 C. C. R. 53; *Nafziger, Recr. etc.* vs. *State,* 8 C. C. R. 314; *Hussman* vs. *State,* 8 C. C. R. 414; *Unverfehrt* vs. *State,* 8 C. C. R. 577; *Titone* vs. *State,* 9 C. C. R. 389; *Lindner* vs. *State,* 9 C. C. R. 448.

Under the law as above set forth, we have no authority to allow an award, and therefore the motion of the Attorney General must be sustained.

Motion to dismiss allowed. Case dismissed.