(No. 2767—■■■■)

HARRIET S. TAYLOR AND FRANK M. TAYLOR, Claimants, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed March 11, 1941.*

CHARLES R. TAYLOR, for claimants.

GEORGE F. BARRETT, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

MR. JUSTICE LINSCOTT delivered the opinion of the court:

In this complaint it is charged that Harriet S. Taylor and Frank M. Taylor were the owners of eight acres of wheat and five rows of corn forty-eight rods long which were destroyed by the employees of the Highway Department of the State of Illinois in the burning of grass and weeds along the

highway known as U. S. 36; that the wheat loss was $147.20 and the corn loss was $9.00.

The Attorney General made a motion to dismiss because the State was engaged in a governmental function and is, therefore, not liable for the negligence of its employees.

We must assume that the facts stated in the complaint are true. The motion raises only an issue of law.

The court has uniformly held that the maintenance by the State of its State bond issue routes is a governmental function, and has also held in numerous cases that the State is not liable for the negligence of its servants or agents in the performance of governmental functions.

> *Hinchcliff* vs. *State,* 2 C. C. R. 159;
>
> *Derby* vs. *State,* 7 C. C. R. 145;
>
> *Hollenback Admrx.* vs. *Winnebago County,* 95 Ill. 148;
>
> *Minear* vs. *State Board of Agr.,* 259 Ill. 549; 25 R. C. L., p. 407, Sec. 43;
>
> *Loges* vs. *State,* No. 1946; Opinion filed Feb. 7, 1934.

It is a rule of almost universal application that no government is liable for the negligence or misfeasance of its officers and agents, in the absence of a statute making it liable.

> *Gibbons* vs. *U. S.,* 8 Wal. 269;
>
> *U. S.* vs. *Kirkpatrick,* 9 Wheaton 720;
>
> *Jorgensen* vs. *State,* 2 C. C. R. 134;
>
> *Reliable Coal Mining Co.* vs. *State,* 7 C. C. R. 56;
>
> *Crawford* vs. *State,* No. 2360, Opinion filed Dec. 11, 1934.

The General Assembly has never enacted a law making the State liable for damages caused by the negligent construction or maintenance of a public road, and this court has no power to make an award for such damages, in the absence of such a statute.

> *Chumbler* vs. *State,* 6 C. C. R. 138;
>
> *Bucholz* vs. *State,* 7 C. C. R. 243.

Where a poor farm was owned by a county and the servant of the county was burning brush thereon and through his negligence a fire spread to an adjoining farm and caused damages thereto, the county was held not liable.

> *Symonds* vs. *Clay County,* 71 Ill. 355.

The motion of the Attorney General will, therefore, be sustained and the cause dismissed.